UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GUY WILLIAMS, an individual, et al., ) | |
| ) | |
| Plaintiffs, ) | 3:10-CV-00264-LRH-VPC |
| ) | |
| v. ) | |
| ) | ORDER |
| CHRISTIAN EDUARD LOCHER, an ) individual, et al., ) | |
| ) | |
| Defendants. ) | |

Before the court is Defendants Christian Eduard Locher, Shooting Star, LLC, and Barbara McIntire's Motion to Dismiss (#7). Plaintiffs Guy Williams, et al. have filed an opposition (#17). Defendants have not replied.

**I.     Facts and Procedural History[1]**

Between 2004 and 2005, Defendant Christian Locher approached Plaintiffs and told them about an investment opportunity in a Canadian company called Teilhard Technologies, Inc.  Locher stated that he controlled Shooting Star, an investment entity that planned to purchase Teilhard Technologies.  Locher further informed Plaintiffs that he was an experienced investor and that he was willing to act as a broker for Plaintiffs in certain transactions whereby Plaintiffs would invest in Teilhard Technologies.  Locher suggested that the prospects of attaining large financial success

---

[1] The following facts are primarily taken from the complaint.

in a very short period of time were great.

As a result of Locher's representations, in the fall of 2004, each plaintiff transferred to an account owned or controlled by Locher sums ranging between $5,748 and $295,000. Locher repeatedly assured Plaintiffs that he was investing their funds directly into stock shares of Teilhard Technologies. However, instead of investing the funds in Teilhard Technologies, Locher either invested the funds into Shooting Star or diverted the money to other accounts.

On September 21, 2006, Defendant McIntire replaced Locher as manager of Shooting Star. In 2009, Locher, McIntire, and/or Shooting Star received a $.20 dividend for each share of Teilhard Technologies that they purportedly purchased on behalf of Plaintiffs. Plaintiffs allege that Defendants failed to distribute this dividend. Plaintiffs further allege that they have repeatedly demanded the dividend funds, and Defendants have refused to release the funds.

As a result of these events, on March 25, 2010, Plaintiffs initiated this action in the First Judicial District Court for the State of Nevada. Plaintiffs allege claims for unjust enrichment, constructive trust, breach of contract, tortious and contractual breach of the implied covenant of good faith and fair dealing, conversion, civil theft, false and deceptive trade practices, securities violations, breach of fiduciary duties, common law fraud, and negligent misrepresentation. On April 30, 2010, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants removed the action to this court.

**II.  Discussion**

Defendants seek dismissal of Plaintiffs Winsom Investment, LLC and ITE's claims in their entirety because Winsom and ITE lack standing.[2] In addition, Defendant McIntire asks the court to

---

[2] Although Defendants state that they also seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants' argument in support of this contention is identical to their argument concerning Plaintiffs' lack of standing.

2

dismiss Plaintiffs' claims against her for insufficient service of process.[3]  The court will address these arguments below.

**A.  Standing**

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a claim for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Although the defendant is the moving party in a motion to dismiss, the plaintiff is the party invoking the court's jurisdiction.  As a result, the plaintiff bears the burden of proving that the case is properly in federal court.  *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Lack of standing is a defect in subject-matter jurisdiction and may properly be challenged under Rule 12(b)(1).  *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  Article III of the United States Constitution requires federal courts to adjudicate only actual cases and controversies.  *Allen v. Wright*, 468 U.S. 737, 750 (1984).  "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues."  *Id.* at 750-51 (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)).  Generally, "the standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted."  *Id.* at 752.  "Although standing in no way depends on the merits of the plaintiff's contention that particular conduct is illegal, it often turns on the nature and source of the claim asserted."  *Warth*, 422 U.S. at 500.

The standing doctrine has a constitutional and a prudential component.  *Elk Grove Unified Sch. Dist. v. Newdow*, 541 U.S. 1, 11 (2004).  To satisfy the constitutional component, a plaintiff

---

[3]McIntire also asks the court to dismiss Plaintiffs' claims against her for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and insufficient process under Federal Rule of Civil Procedure 12(b)(4).  However, Defendants focus their argument exclusively on Plaintiffs' alleged failure to personally serve McIntire.  As such, the court will limit its discussion to Federal Rule of Civil Procedure 12(b)(5).

must meet the following three requirements: (1) the plaintiff must have suffered an injury in fact that is not conjectural; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted).

Defendants contend Winsom and ITE fail to meet the standing inquiry's injury in fact requirement. In particular, Defendants argue Winsom and ITE did not exist when the events in dispute occurred. As such, according to Defendants, neither Winsom and ITE could have suffered any injury caused by Defendants' alleged conduct.

Plaintiffs have presented evidence indicating that, at the suggestion of Defendant Locher, Plaintiff Robert Tofsrud and Plaintiffs Phillip Smith and Elizabeth Kirschbaum created Winsom and ITE, respectively, for the purpose of making investments in Teilhard Technologies. Although Winsom and ITE might not have been technically incorporated under state law when Defendants issued the Shooting Star share certificates, the evidence indicates that the individual plaintiffs made investments in Shooting Star on behalf of Winsom and ITE, and Winsom and ITE received share certificates for Shooting Star issued in their names. Accordingly, the alleged fraud has caused Winsom and ITE to suffer injuries in fact. Because Defendants have failed to present any evidence or argument to refute this evidence, the court finds that Plaintiffs Winsom and ITE have suffered an injury in fact sufficient to establish constitutional standing.

**B. Insufficient Service of Process**

Defendants next argue that the court should dismiss Plaintiffs' claims against McIntire because McIntire was not personally served. Federal Rule of Civil Procedure governs the procedures for serving a summons. *See* Fed. R. Civ. P. 4. When the plaintiff fails to comply with the requirements of Rule 4, a defendant may move to dismiss the complaint pursuant to Rule 12(b)(5). Once a defendant challenges the sufficiency of service, the plaintiff bears the burden of

establishing that the service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (citations omitted).

Defendant McIntire was served with a copy of the summons and complaint on March 31, 2010. The parties dispute how Plaintiffs effectuated this service. According to McIntire and Locher, McIntire received a copy of the summons and complaint from Locher at a café in Cottonwood, Arizona. Locher informed McIntire that a man, presumably the process server, handed him her summons and complaint outside the café.

Thus, it appears that on March 31, 2010, Plaintiffs attempted to serve McIntire pursuant to Rule 4(e)(2).[4] Rule 4(e)(2) provides that an individual may be served by "delivering a copy of the summons and of the complaint to the individual personally." Defendants evidence indicates that, in violation of Rule 4(e)(2), the process server delivered McIntire's summons to Locher, rather than to McIntire personally.

Plaintiffs argue that even assuming, as Defendants contend, McIntire was not properly served on March 31, 2010, Plaintiffs properly effectuated personal service on May 20, 2010. Rule 4(m) requires a defendant to be served within 120 days after the plaintiff files the complaint. Less than 120 days passed between Plaintiff's commencement of this action in state court on March 25, 2010, and McIntire's service on May 20, 2010. Accordingly, the court finds that Plaintiffs have properly served McIntire in compliance with Rule 4.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (#7) is DENIED.

IT IS SO ORDERED.

DATED this 19th day of July, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[4] Defendants do not argue that Locher was an agent authorized by appointment or law to receive service of process on McIntire's behalf.