UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GUY WILLIAMS, an individual, et al., | )<br>) |
| Plaintiffs, | ) 3:10-CV-00264-LRH-VPC<br>) |
| v. | )<br>) ORDER |
| CHRISTIAN EDUARD LOCHER, an individual, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

This is a fraud dispute arising out of Defendant Christian Locher's alleged representations to Plaintiffs Guy Williams, et al., about an investment opportunity in Teilhard Technologies. Pursuant to Nevada Revised Statutes section 31.010, Plaintiffs seek a writ for the attachment of (1) funds held in various bank accounts by Defendants Christian Locher, Barbara McIntire, and Shooting Star, LLC and (2) shares of Teilhard Technologies stock.  On August 17, 2010, the court granted (#49) Plaintiffs' Ex Parte Motion for Order to Show Cause Why Prejudgment Writ of Attachment Should Not Issue (#45).  On August 30, 2010, the court held a hearing on the order.

The court has reviewed the arguments and evidence submitted by the parties and finds that Plaintiffs have not demonstrated the "probable validity" of their underlying claims.  *See* Nevada Revised Statutes section 31.026.  Plaintiffs acknowledge that when they gave their money to Locher, they knew that the investment opportunity in Teilhard Technologies required "substantial group investments . . . and therefore it was necessary to create a limited liability company into

which the various Plaintiffs and each of their monies could be placed so that stock in Teilhard Technologies, Inc. could be acquired." (Pls.' Mot. for Order to Show Cause (#45), Williams Aff., ¶9.) In accordance with this necessity, Locher created an investment entity, Shooting Star, through which Plaintiffs would purchase Teilhard shares. (*See id.*, ¶ 10.)

Thus, it is undisputed that when Plaintiffs gave Locher their funds, Plaintiffs knew that they could not purchase shares of Teilhard directly and instead would purchase shares by investing in Shooting Star. That Plaintiffs may have believed that Locher would invest their funds directly into Teilhard or that the shares purchased would be issued to each plaintiff individually appears at this time to be the result of a misunderstanding on Plaintiffs' part rather than any fraud by Defendants.

Further, Plaintiffs have not demonstrated at this time that they have suffered any loss as a result of Defendants' conduct. The evidence before the court suggests that Plaintiffs mistakenly believed that Shooting Star was required to pay them dividends received from Teilhard shares purchased with Plaintiffs' funds. However, under Nevada law, limited liability companies may, but are not required to, distribute dividend proceeds to their members. *See* Nev. Rev. Stat. § 86.341 ("A limited- liability company may, from time to time, divide the profits of its business and distributed them to its members . . . .") Plaintiffs have not identified any legal authority requiring Shooting Star to distribute the dividends.

Plaintiffs also suggest that Locher has misappropriated their funds by using the funds for his personal use. In support of this argument, Plaintiffs point to the settlement reached in a dispute before the Colorado state court between Locher and an individual investor. The Colorado plaintiff alleged that, contrary to his representations, Locher failed to invest the plaintiff's money directly in Teilhard and instead invested the money in Shooting Star. Plaintiffs contend that, because Shooting Star was not a named defendant in the Colorado action, Shooting Star's payment of the settlement on Locher's behalf demonstrates that Locher has misappropriated their funds for his personal use. However, because the Colorado plaintiff's claims involved Locher's role as

2

1  Shooting Star's manager, it appears that under Nevada law, Shooting Star was entitled to
2  indemnify Locher.  Moreover, Plaintiffs, who collectively control only twenty percent of Shooting
3  Star, have not demonstrated that Shooting Star used their particular funds to pay the settlement.
4       In sum, substantial questions of fact remain concerning Locher, McIntire, and Shooting
5  Star's role in any loss suffered by Plaintiffs.  Because at this time Plaintiffs have not demonstrated
6  the "probable validity" of their claims, the court declines to issue an attachment order.
7       IT IS SO ORDERED.
8       DATED this 8th day of September, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3