UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GUY WILLIAMS, ET AL.,                    )
                                          )
            Plaintiffs,                   )        3:10-cv-00264-LRH-VPC
                                          )
      v.                                  )
                                          )        **REPORT AND RECOMMENDATION**
                                          )        **OF U.S. MAGISTRATE JUDGE**
                                          )
CHRISTIAN EDUARD LOCHER, ET AL. )
                                          )        March 21, 2011
            Defendants.                   )
                                          )

        This Report and Recommendation is made to the Honorable Larry R. Hicks, United States

District Judge. Before the court is the plaintiffs' motion to compel responses to discovery and for

discovery sanctions (#86),[1] and plaintiffs' request for dispositive relief; therefore, this court submits

this Report and Recommendation pursuant to pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

Defendants requested and received an extension of time to file a response to plaintiffs' motion until

February 3, 2011 (#95), but defendants failed to file any response (#96). For the reasons set forth

below, this court recommends that plaintiffs' motion be granted as more fully set forth herein.

I.      **History and Background**

        On March 25, 2010, plaintiffs filed their complaint in state court, which defendants then

removed to this court (#1). Defendants answered (#s 8, 20 &55). On July 15, 2010, this court

approved the parties' discovery plan and scheduling order, which set a discovery cut-off date of

November 25, 2010 (#38). On October 12, 2010, plaintiffs served their first request for production

of documents, and responses were due on November 12, 2010 (#86). In the third interim joint status

report, defendants acknowledged that they were preparing responses to the discovery requests, but

noted they might need an extension of time (#77). The court granted an extension of the scheduling

order, and set a new discovery cut-off deadline of March 25, 2011, but deleted the provision to allow

---

        [1]     Refers to the court's docket numbers.

1    the parties to request any further extensions of the order (#78).

2          Defendants did not produce documents on November 12, 2010, and instead, asked for

3    another extension to respond until December 13, 2010, to which plaintiffs agreed (#86).  At the

4    December 1, 2010 case management conference, the court ordered defendants to produce their

5    responses no later than December 13, 2010, and advised that there would be no further extensions

6    of time granted (#84).  At the November and December case management conferences, the parties

7    discussed ongoing discovery issues, interrogatory protocols, and the need to establish a deposition

8    schedule (#s 79 & 84). Notwithstanding the extension granted, defendant did not produce responses

9    to plaintiffs' request for production of documents, and plaintiffs' motion to compel followed on

10   January 4, 2011 (#86).

11          On January 12, 2011, the court held another case management conference, and it was at this

12   hearing that defendants' counsel first disclosed that defendants' financial difficulties were making

13   it difficult to defend this case.  The court set the motion for compel for hearing on February 15, 2011,

14   and ordered the defendants' counsel and defendants, Christian Locher and Barbara McIntire, to

15   appear personally at the hearing (#88).[2]   In the meantime, defendant Shooting Star, LLC, filed a

16   notice of filing voluntary Chapter 11 petition in bankruptcy on February 1, 2011 (#97).

17          Defendants then sought and received an extension of time to oppose plaintiffs' motion to

18   compel until January 31, 2011 (#95).  On February 11, 2011, the parties stipulated to vacate the

19   February 17, 2011 hearing and reported to the court that settlement discussions were underway

20   (#100).  The court denied the request for an open extension of time for a new hearing date, and

21   instead re-set the hearing for March 11, 2011 (#101).  Defendants and their counsel did not appear

22   in person for this hearing; therefore, the court set a hearing on the motion to compel and a status

23   conference for March 16, 2011 (#104).  Mr. Locher, Ms. McIntire, and their counsel were present

24   for the hearing, but defendants never filed a response to plaintiffs' motion to compel.

25   ///

26   _____

27   [2]       The hearing date was later reschedule to February 17, 2011 (#98).

28                                    2

1    II.    **Discussion and Analysis**

2        By their motion, plaintiffs request that Mr. Locher and Ms. McIntire's answer be stricken and

3    that default judgments be entered against them, jointly and severally (#86).  Plaintiffs also seek an

4    award of attorney's fees and costs for bringing the motion to compel.[3]  *Id.*

5        Local Rule of Practice for the District of Nevada, LR 7-2(d), provides that the "failure of an

6    opposing party to file points and authorities in response to any motion shall constitute consent to the

7    granting of the motion."  Defendants Locher and McIntire failed to oppose plaintiffs' motion to

8    compel despite receiving extensions of time; therefore, their silence is deemed consent to plaintiffs'

9    motion to compel and for sanctions.  The court now considers what sanctions are proper under the

10   facts of this case.

11       "A district court has wide discretion in controlling discovery and its rulings will not be

12   disturbed absent a clear abuse of discretion." *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.,*

13   772 F.2d 505, 515 (9th Cir. 1985) (citing *Reygo Pacific Corp. v. Johnston Pump Co.,* 680 F.2d 647,

14   649 (9th Cir. 1982). In this case, the defendants provided no response to a request for production of

15   documents, and the court has discretion to impose certain sanctions under Fed.R.Civ.P. 37(d), which

16   include any sanctions listed in Rule 37(b)(2)(A)(I) - (vi). The potential sanctions listed in Rule

17   32(b)(2) include striking pleadings in whole or in part and rendering a default judgment against the

18   disobedient parties. *See Westchester Fire Ins. Co. V. Mendez,* 585 F.3d 1183 (9th Cir. 2000)

19   (recognizing the district court's right to enter a default judgment against a party under Rules 37(d)

20   for failure to respond to discovery, but declining to extend the default judgment to a third party).

21   Rule 37(b)(2)(c) also provides that the court may order the disobedient parties to pay the attorney's

22   fees and costs caused by a party's failure to comply with discovery.

23       "A terminating sanction, whether default judgment against a defendant or dismissal of a

24   _____

25       [3]    Plaintiffs also sought an order to compel defendants to produce the outstanding discovery,
     which is now moot in light of the posture of this case.  Plaintiffs also asked the District Court to grant its
26   motion to reconsider, to vacate its September 9, 2010 order (#63), and to issue a prejudgment writ of
     attachment.  Because these motions are pending before the District Court, they are not considered in this
27   Report and Recommendation.

28                                    3

1 plaintiff's action, is very severe," and only "willfulness, bad faith and fault justify terminations

2 sanctions." *Connecticut General Life Insurance Co. v. New Images of Beverly Hills,* 482 F.3d 1091,

3 1096 (9th Cir. 2007) (quoting *Jorgensen v. Cassiday,* 320 F.3d 906, 912 (9th Cir. 2003).

4      The Ninth Circuit has established a five-part test, with three subparts to the fifth part, to

5 decide whether a case-dispositive sanction under Rules 37(b)(2) is just:

6           (1) the public's interest in expeditious resolution of the litigation; (2)
the court's need to manage its' dockets; (3) the risk of prejudice to the

7           party seeking sanctions; (4) the public policy favoring disposition of
cases on their merits; and (5) the availability of less drastic sanctions.

8           The subparts of the fifth factor are whether the court has considered
less drastic sanctions, whether it tried them, whether it warned the

9           recalcitrant party about the possibility of case-dispositive sanctions.
This "test" is not mechanical. It provides the district court with a way

10           to think about what to do, not a set of conditions precedent for
sanctions or a script that the district court must follow:...

11

12 *Connecticut General,* 482 F.3d at 1096 (citations omitted).  The court applies these factors in

13 deciding the proper sanctions in this case.

14        **1.**    **The public's interest in expeditious resolution of the litigation**

15      This case has been pending for nearly one year, and during that time the court granted

16 extensions of the discovery plan and scheduling order at the parties' request, but advised that March

17 25, 2011, was the final deadline for discovery.  Defendants allowed the deadline for response to

18 plaintiffs' request for production of documents to pass, and they ignored the court-ordered deadline

19 to respond.  Plaintiffs were constrained to file a motion to compel, defendants filed no response, and

20 defendants concede they cannot afford to defend against this case.  Since defendants have, in effect,

21 abandoned their defense, there is an interest in resolving this case quickly and cost effectively. This

22 factor weighs in plaintiffs' favor.

23        **2.**    **The court's need to manage its docket**

24      For the reasons discussed in the first sub-part, this factor weighs in favor of plaintiffs.

25        **3.**    **The risk of prejudice to the party seeking sanctions**

26      Plaintiffs' discovery requests have been unanswered since November and discovery closes

27 March 25, 2011.  The prejudice to plaintiffs is obvious, since they have been utterly unable to

28 proceed with any meaningful discovery to prepare their case. This factor weighs in plaintiffs' favor.

1           **4.**     **The public policy of favoring disposition of cases on their merits**

2        Normally, disposing of a case on its merits weighs against case-ending sanctions. However,

3 defendants here admit they lack to money to defend this case; therefore, this factor weighs in

4 plaintiffs' favor.

5           **5.**     **The availability of less drastic sanctions**

6        The court has considered less drastic sanctions, but the simple fact is that because defendants

7 must abandon their defense of the case, there are few options left to the court. The court did order

8 defendants' counsel from Arizona and Las Vegas to appear in person along with Mr. Locher and Mr.

9 McIntire for the March 15, 2011 hearing, which could be deemed a sanction for their failure to

10 respond to discovery and to obey court orders. The court also warned the defendants that unless they

11 were somehow able to resolve this case or the discovery dispute, the court would have no choice but

12 to consider case-dispositive sanctions. This factor weighs in favor of plaintiffs.

13        The court finds that the record in this case support sanctions. The case is now at a standstill

14 because defendants failed to respond to discovery, they failed to respond to the motion to compel,

15 and they cannot pay their attorneys. Given these facts, it is clear that the plaintiffs will never have

16 access to the true facts, making it impossible for the parties and the court to proceed with this case,

17 much less with dispositive motions and a trial. For these reasons, case-dispositive sanctions are

18 warranted.

19      **III.**    **Conclusion**

20        Based on the foregoing and for good cause appearing, the court recommends that plaintiffs'

21 motion to compel responses to discovery and for discovery sanctions (#86) be **GRANTED** and that

22 answer of defendants, Christian Locher and Barbara McIntire, to plaintiffs' complaint be stricken

23 and that default judgments be entered against Mr. Locher and Ms. McIntire, jointly and severally.

24 The court further recommends that plaintiffs be awarded their attorney's fees and costs for the

25 expenses incurred in having to bring this motion to compel and for sanctions. If the District Court

26 adopts this Report and Recommendation, plaintiffs shall file a statement of attorney's fees and costs

27 pursuant to LR 54-16 within fifteen days from the date of the District Court's Order. Defendants

28 shall have leave to respond within ten days from receipt of plaintiffs' statement of attorney's fees

1  and costs.  Thereafter, the court recommends that judgment be entered against Mr. Locher and Ms.

2  McIntire, which judgment shall include approved costs and attorney's fees.  The parties are advised:

3        1.  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the

4  parties may file specific written objections to this Report and Recommendation within ten days of

5  receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and

6  Recommendation" and should be accompanied by points and authorities for consideration by the

7  District Court.

8        2.  This Report and Recommendation is not an appealable order and any notice of appeal

9  pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

10  **IV.  RECOMMENDATION**

11        **IT IS THEREFORE RECOMMENDED** that plaintiffs' motion to compel responses to

12  discovery and for discovery sanctions (#86) be **GRANTED**.

13        **IT IS FURTHER RECOMMENDED** that plaintiffs be awarded their attorney's fees and

14  costs for the expenses incurred in having to bring this motion to compel and for sanctions.

15        **IT IS FURTHER RECOMMENDED** that if the District Court adopts this Report and

16  Recommendation, plaintiffs shall file a statement of attorney's fees and costs pursuant to LR 54-16

17  within fifteen days from the date of the District Court's Order.  Defendants shall have leave to

18  respond within ten days from receipt of plaintiffs' statement of attorney's fees and costs.

19        **IT IS FURTHER RECOMMENDED** that judgment should be entered against Mr. Locher

20  and Ms. McIntire, which judgment shall include approved costs and attorney's fees.

21        **DATED:** March 21, 2011.

22

23                             _____

24                       UNITED STATES MAGISTRATE JUDGE

25

26

27

28

6